THE STATE *ex rel.* GIBSON, *Collector*, v. ST. LOUIS, KEOKUK & NORTHWESTERN RAILROAD COMPANY, *Appellant.*

130  243
c169 1577

Division One, November 7, 1895.

1. **Taxation**: RAILROAD AID BONDS: STATUTE.  Revised Statutes, 1889, section 7654, (Act March 8, 1879) requiring as a condition precedent to the levy of certain taxes, an order of the circuit court or of the judge in vacation, applies to taxes levied for payment of railroad aid bonds issued after the enactment of said law notwithstanding they were executed in lieu of bonds issued before its enactment.

2. ——: ——: CONSTITUTION.  The constitutional provision against legislation impairing the obligations of contracts is not violated by the foregoing construction of section 7654.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED.

*J. D. Strong, Palmer Trimble,* and *Spencer & Mosman* for appellant.

(1)    The levy upon which the tax in controversy was founded is void.    The petition shows on its face that the tax in question was neither a state tax, a tax necessary to pay the funded or bonded debt of the the state, a tax for current county expenditures, nor for schools, and the statement of facts expressly agrees that it was levied and assessed ''for the purpose of pay-

ing the interest on the bonds issued in 1888, and for the purpose of creating a sinking fund to pay off said bonds when they should mature.'' It could not, therefore, be assessed, levied, or collected in any manner whatever, except under the limitations and conditions provided in section 7654. But it is further agreed in the statement of facts that this tax was not levied in pursuance of the provisions of said section. The declaration of law requested by appellant should have been given and judgment rendered in its favor. R. S. 1889, secs. 7653 and 7654; *State ex rel. v. Railroad,* 87 Mo. 236; *State ex rel. v. Co. Court,* 91 Mo. 552; *State ex rel. v. Railroad,* 92 Mo. 137; *State ex rel. v. Railroad,* 97 Mo. 296. (2) If it be contended that the above statute impairs the obligation of a contract, and is therefore in contravention of the constitution of the United States, it is sufficiently replied that the above statute was enacted long prior to the date of the contract embraced in the bonds mentioned in the agreed statement of facts, and to pay which this tax is sought to be enforced. The statute is, therefore, not open to challenge in this case. *Seibert v. Lewis,* 122 U. S. 284; *State ex rel. v. Railroad,* 101 Mo. 136; *State ex rel. v. Railroad,* 113 Mo. 297.

*Dunn & Murphy* and *E. B. Woolfolk* for respondent.

(1) It was not necessary for valid levy that the county court should comply with Revised Statutes, 1889, section 7654. See *Seibert v. Lewis,* 122 U. S. 284. The subscription in 1868 created the debt of the county, the bonds issued in 1870 were evidence of the debt and the renewal of the bonds in 1883 and 1888 are only evidence of the original debt of the county, and, as the subscription in 1868 was long prior to the passage of section 7654, *supra,* it does not apply, and it was not necessary for the county court to have an order from

the circuit court as provided in section 7654, *supra*, in order to make a valid levy of the tax in controversy. (2) The requirements of section 7654, were directory. *State ex rel. v. Railroad*, 113 Mo. 297. (3) The people of Lincoln county, under the laws of the state in 1883, when they voted to compromise the old bonded indebtedness and issue new bonds in lieu of the old ones, which was done and accepted by the bondholders, settled the question as to the necessity of the tax and also the question whether they were in conflict with the constitution and laws of the state, and as bonds of 1888 merely refunded the bonds of 1883 at a lower rate of interest, it is the same compromised debt. Therefore, there was no reason for the order of the circuit court as provided in section 7654, *supra*, the people having settled that themselves. See *Clough v. Holden*, 115 Mo. 358.

ROBINSON, J.—This action was instituted by respondent, as collector of revenues of Lincoln county, Missouri, to enforce the lien of the state and county taxes against the property of the appellant, the St. Louis, Keokuk & Northwestern Railroad Company, under sections 7741 and 7742, Revised Statutes, 1889, for the purpose of paying interest on bonds issued by said Lincoln county in 1888, and to create a sinking fund to pay said bonds when they should mature.

The appellant disclaimed liability on the ground, solely, that there has been no legal assessment and levy of the taxes in question; that the same had been attempted to be assessed and levied without any antecedent compliance with the provisions of section 7654, Revised Statutes, 1889, passed and approved March 8, 1879, and known in the parlance of the bar as "the Cottey law;" and that being a tax for a purpose other than the ordinary state taxes, taxes necessary to pay

the funded or bonded debt of the state, taxes for the current county expenditures and for schools, was wholly void.

The trial was before the court on the following agreed statement of facts, and judgment was rendered for plaintiff for the amount of the tax as set out in the petition and statement, with the added penalties, and that same be declared a lien on defendant's property, to reverse which this appeal is prosecuted:

"That in the year 1868 the county court of Lincoln county, state of Missouri, subscribed to the capital stock of the St. Louis & Keokuk Railroad Company the sum of $300,000; that on the twenty-first day of day of June, 1870, said county court properly signed and issed bonds for the sum of $300,000 in payment of its subscription to the capital stock of the St. Louis & Keokuk Railroad Company, as made in 1868; that in 1878 the county court of said county refused longer to pay interest upon bonds and that afterward suit was commenced in the United States circuit court for the eastern district of Missouri to recover judgment for the interest, and that some judgments were rendered against said county; that in the year 1883, the county court submitted to the people of Lincoln county, Missouri, a proposition for the compromise of said bonds, and that this proposition was adopted and carried out by a majority of the legal voters of said county, and that in the year 1883 the county court called in, canceled, and paid off all the bonds, coupons, and judgments growing out of the issue of the bonds of 1870, and new bonds for the sum of $365,000 were issued in lieu of the bonds of 1870; said last named bonds were bearing interest at the rate of six per cent per annum; that in 1888 the county court of Lincoln county, Missouri, under and by virtue of law, called in all the bonds issued in 1883, and canceled and discharged the same

by issuing new bonds dated in 1888, which said last named bonds were bearing interest at the rate of five per cent per annum; that in 1892 the county court of Lincoln county, Missouri, levied and assessed against the defendant's property in said county the sum of $1,053.90 for the purpose of paying the interest on the bonds issued in 1888, and for the purpose of creating a sinking fund to pay off said bonds when they should mature.

"*Second.* That said county court of Lincoln county, Missouri, never at any time complied with section 7654, of the Revised Statutes of the state of Missouri for 1889, at page 1775 of said statutes, by requesting the attorney of said county, or the prosecuting attorney of said county, to present a petition to said county court of said Lincoln county, or the judge thereof in vacation, setting forth the fact and specifying the reasons why such tax should be levied and collected, and that neither the circuit court, nor the judge thereof in vocation, of said Lincoln county, state of Missouri, ever at any time prior to the twentieth day of December, 1892, made an order directing the county court of said county and command said court to assess, levy or collect the taxes against this defendant to pay said interest and to create a sinking fund to paid said interest and to pay said bonds when due.

"And said railroad tax sued for by plaintiff in this action for the year 1892, was not levied in pursuance of the provisions of said section 7654 of the Revised Statutes of the state of Missouri for 1889.

"And it is further agreed that all other taxes sued for have been paid and accepted and are to be no further considered in the determination of this suit.

"It is further agreed that all other requirements of law concerning the assessments and levy of said railroad tax, except the requirements and provisions of

said section 7654, Revised Statutes, 1889, have been complied with.''

The sole question involved in the consideration of this case, upon the agreed statement of facts, is whether the county court of Lincoln county could make, under the circumstances of this case, a valid levy of the taxes to pay the bonds issued by it in 1888, without having complied with the provisions of said section 7654, Revised Statutes, 1889, by first having an order therefor from the circuit court, or the judge thereof in vacation, on petition of the prosecuting attorney, to the effect that he finds ''there is a necessity for such tax, and that the assessment and collection thereof will not be in conflict with the constitution and laws of the state,'' and commanding such assessment and levy to be made, it being agreed that all the other requirements of the law concerning the assessment and levy of said railroad tax have been complied with.

Construction has been given to this section of the statute by this court on several occasions, beginning with the case of *State ex rel. v. Railroad*, decided at the October term, 1885, in volume 87, p. 236, of our reports, and on down to the case of *State ex rel. v. Railroad*, decided in 113 Mo. 297. And in all, the court has upheld the act; declared that, unless the methods prescribed by it are strictly pursued, the taxes levied to pay other obligations, except those enumerated in the preceding section, can not be collected or enforced; that these performances are conditions precedent and are essential to the power of the county court to act.

So emphatic and mandatory is the act, that the county court is not only directed as to how and under what circumstances they shall make a levy for the collections of taxes to pay the specified debts therein named and enumerated, but they are prohibited from doing so, except after the manner prescribed, under a

penalty of $500 for each violation, and loss of office as an additional punishment, which serves at least to show clearly the inspiration of the act and what the legislature had in mind, even though the wisdom or propriety of the act may be left in doubt.

"The power of the county court to levy the tax is made dependent upon the order of the circuit court, and without such order the tax has no sanction or authority to support it, and is therefore void." *State ex rel. v. Railroad*, 97 Mo. 296; *State ex rel. v. Railroad*, 92 Mo. 137, and *State ex rel. v. Railroad*, 87 Mo. 236.

The act of 1879, now section 7654, Revised Statutes, 1889, being then held of binding operation, and the county courts throughout the state being required to observe its provisions as a prerequisite to the validity of all taxes levied by them to pay all bonded indebtedness other than for taxes necessary to pay the funded or bonded debt of the state, the state tax debt, the tax for current county expenditures and for schools, as are excepted by section 7653, what are the facts peculiar to this case—that is, to relieve the county court from the observance of the provisions, and render the tax in controversy valid without it?

Respondent contends in the brief filed herein that, even though the court should hold the act of 1879, now section 7654, valid for all taxes to be levied in payment of bonds issued since its enactment, still, under the ruling of the supreme court of the United States in the case of *Seibert v. Lewis*, 122 U. S. 284, and cases in this court since approving the decision holding the act unconstitutional so far as concerns bonds issued prior to its passage by impairing the obligation thereof, it is inoperative as affecting the payment of the bonds issued by the county in this case in 1888, since the subscription in 1868 created the debt of the county, and that the bonds issued in 1870 were evidence of the debt, and

that the renewal bonds of 1883 and 1888 are only evidence of the original debt of the county; and that as the subscription in 1868 and the issuance of the bonds first in 1870 as evidence of it was long prior to the passage of section 7654, it does not apply, and, not applying to these bonds, it was unnecessary for the county court to have the order from the circuit court, as provided by the act; and, further, that it was a useless requirement, and that the law does not require useless or foolish things to be done. In other words, the respondent contends that, since this court has approved the ruling of the United States supreme court in the case of *Seibert v. Lewis*, declaring section 7654 inoperative as applied to the levy of taxes to pay bonds issued before its enactment, violative of the constitutional inhibition of legislation which impairs the obligation of existing contracts; therefore the same ruling must apply in respect to taxes for the payment of those new bonds issued under the contract of 1888, as applied to the first issue of the bonds of 1870 respecting the same matter, the original $300,000 subscription debt of the county to the capital stock of the St. Louis & Keokuk Railroad Company.

As to the contention that the law is useless and unnecessary, this court can pass no judgment. That the act has been passed requiring certain prerequisites, is the reason for the necessity and usefulness of its execution, in the designated way, without regard to what the individual members of this court, or the court as a body, might think of its necessity, practicability, or wisdom. The ultimatum of reasoning on that proposition is, that it is the law as enacted by the lawmaking power of the state, and the courts must enforce it as enacted.

To sustain respondent in the other branch of his contention it would be necessary to treat the several

contracts of 1870, 1883, and 1888 in respect to the three several issues of bonds of those years, as one contract, since no one would contend that the legislature has not at all times the right to change the form of the remedy for the collection of its taxes as it may deem ·proper, with the limitation and exception, only, that no substantial rights secured by existing contracts is therein impaired. The contract of 1888 must be held to be the same contract of 1870 to give the respondent the benefit of the decision so much relied upon by him, otherwise the bonds issued in 1888, for the payment of which the tax in controversy has been levied, would be subject to the remedy then in force, for the collection of such taxes, which was the remedy prescribed in section 7654, while the original indebtedness was contracted before the enactment.

While the original indebtedness growing out of the vote to subscribe stock in 1868 and the first issue of bonds in 1870, in payment of said stock subscribed were issued before the enactment of section 7654, a new contract was made regarding the indebtedness in 1883, and again in 1888, and by the contract of 1883 the contract of 1870 with all of its obligations was extinguished and destroyed and on its destruction lay the foundation and consideration for the substituted new one, and those substituted bonds were in turn settled for, extinguished, and destroyed by the contract of 1888, evidenced by the bonds for which the tax in dispute was levied to pay. While the debt continued, the several contracts regarding it were three times changed, and at each change the previous contract was extinguished. If not extinguished and fully satisfied, the contracts of 1888 are invalid for want of consideration, and if invalid the tax levied to pay them for that reason would be void.

If, then, the means provided by law in 1888, at the

time of the issuance of the funding bonds in controversy, by which this payment is to be enforced as a part of the obligation of these bonds, the remedy provided in section 7654 must be observed, and not the remedy of 1868 or 1870, the time of the creation of the original indebtedness or the first issue of bonds in payment thereof.

The constitutional inhibition of legislation against the impairment of the obligations of existing contracts could not in any wise be said to affect the question as to the preservation of the remedy in force at the origin of the debt, on the principle that the remedy in force for the collection of a debt is a part of the contract for its payment the same as if its provisions were incorporated therein at the time. The prohibition is against legislation impairing the obligation of contracts with no reference to the date of the debt regarding which the contract is made.

It follows, from what has been said, that this case must be reversed. BRACE, C. J., BARCLAY and MACFARLANE, JJ., concur.