*671 IN DIVISION TWO.
BUEGESS, J.
This is an original proceeding by man-damns begun in this court in the name of the State at the relation of Eredolin Egger, the object of which is to compel the respondent, who is collector of the revenues of St. Olair county, to receive in part payment of his county taxes for 1897, amounting to three dollars and thirty cents, a county warrant duly issued by said county in February, 1896, for the sum of two dollars and ten cents, of which he is the legal holder, and to receive in part payment of the county taxes due by him to said county for the year 1898, amounting to three dollars and fifteen cents, a county warrant duly issued by said county on the 14th day of March, 1899, for the sum of three dollars, of which he is the legal holder. The petition alleges a tender of the amount of the balance of the taxes due by him for the years of 1897 and 1898 in money.
The return to the original writ admits that there were taxes due by the relator as alleged by him; that he offered to pay his county taxes for the year 1897 by tendering to the respondent the county warrant of date February 6, 1896, and the balance in money, and that he tendered in payment of his_ taxes for the year 1898, a county warrant issued on March 14, 1899; that the taxes were due by relator as alleged by him, and that he tendered sufficient money in addition to said warrants in each instance to pay all taxes due by him for the years aforesaid, which were refused. It then avers that there are numerous outstanding warrants for the years 1894, 1895, 1896 and 1897, to the amount of twenty thousand dollars or more, and that the same are being continuously presented to him in payment of taxes for years subsequent to the dates of issue of the said warrants; that he refused the warrant issued in 1896, for the reason that it was issued for the current expenses of that year, and that during that year the aggregate amount of warrants issued by said county for its current expenses *672 equaled or exceeded the whole amount of revenue levied for county purposes for said year; and for the further reason that during the year 1897 the amount of warrants issued by said county for the current expenditures of the county for the year 1897, was equal to or perhaps greater than the total amount of revenue or taxes levied for county purposes for that year by the county court of said county, and for that reason the respondent refused to accept the said warrant drawn for the expenditures of the year 1896, for the taxes due the county for the year 1897. That he refused the warrant issued during the year 1899 for the reason that the same was issued for the current expenditures of the county for the year 1899, and that the warrants issued for the current expenditures of the county for the year 1898, were drawn against the revenues of the county for the year 1898, and were equal to or greater in amount than the taxes and revenue levied for county purposes for that year.
Relator demurs to the return upon the ground that the facts stated therein are not sufficient in law to constitute any defense to the cause of action stated in the petition.
Relator insists that when a county warrant in proper form and legally issued is presented by its legal holder, in payment of any county tax owing by him to the county for any year, whether issued or not during the year for which the taxes are due, that the collector of the revenue has no discretion whatever in the matter, and it is his imperative duty to receive the same. Upon the other hand it is contended by respondent that it was the clear intention of the framers of the Constitution of 1875, and, of the lawmakers since, to legislate in accordance' therewith, and to place counties and municipalities upon a cash basis, making revenues of each year pay the current expenses thereof, and making void all debts contracted in any one year in excess of the revenues of that year.
It is true that by sections 7604 and 3205, Revised Statutes 1889, county warrants are made receivable for taxes, and that *673 by the latter section it is made the duty of every officer or person intrusted with the collection of any county or city revenue in this State to receive all county and city warrants presented to him by the legal holder thereof, in payment of any county or city taxes existing against said holder, and accruing to the county or city issuing the same. These sections however substantially as they are now were upon our statute books long before the adoption of the present Constitution; section 3205 since 1835 (Missouri Eevised Statutes 1835, p. 153, sec. 7), section 7604 since 1872 (Missouri Statutes 1872, p. 1182, sec. 114), and not until the adoption of the present Constitution were any restrictions imposed on the power to tax for valid existing indebtedness. So provision might be made at any annual assessment for the payment of outstanding warrants, thus leaving the revenues for current county expenditures intact, but in view of the “condition of things then existing, and which had existed for years previous, and under which the counties and municipalities of the State were becoming and have become, ruinously involved in debt” [Book v. Earl, 87 Mo. loe. cit. 251], rigid restrictions were placed on the power of taxation and it was provided by section 12, article S, of the Constitution that “no county .... shall be allowed to become indebted in any manner or for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose,” etc.
In Book v. Earl, supra¿it is said: “The evident purpose of the framers of the Constitution and of the people who adopted it was to abolish, in the administration of county and municipal government, the credit system and establish the cash system by limiting the amount of tax which might be imposed by a county for county purposes, and limiting the expenditures in any given year to the amount of revenue which such tax would bring into the treasury for that year. Section *674 12, supraj, is clear and explicit on this point. Under this section tbe county court might anticipate the revenue collected, and to be collected, for any given year, and contract debts for ordinary current expenses, which would be binding' on the county to the extent of the revenue provided for that year, but not in excess of it.” [Andrew County ex rel. v. Schell, 135 Mo. 31.]
What then was the intention of the members of the convention who framed the Constitution with respect to the application of the revenues raised for county purposes for one year to the payment of county warrants issued in other years than that for which the tax was levied, in the absence of evidence that the revenues for such year are more than sufficient to pay the current county expenses for the year ?
In determining this question the condition of affairs which led to the adoption of sections 12 and 11, article X, of the Constitution, ■and the object to be attained thereby, must be considered in connection with the sections of the statute referred to, their existence at the time, and any subsequent legislation bearing upon the subject, and in doing this the salutary rule announced by Sherwood, J., in Ex parte Maraduke, 91 Mo. loc. cit. 254, may be invoked. It is as follows: “The letter of a statute may be enlarged or restrained, according to the true intent of the framers of the law. [Whitney v. Whitney, 14 Mass. 92 ; State ex rel. v. Emerson, 39 Mo. 80 ; State ex rel. v. King, 44 Mo. 283 ; Riddick v. Walsh, 15 Mo. 519.] In such cases, the reason of the law prevails over the letter.”
Section 7653, Revised Statutes 1889, provides that “the following named taxes shall hereafter be assessed, levied and collected in the several counties in this State, and only in the manner and not to exceed the rates prescribed by the Constitution and laws of this State, viz.: The State tax and the tax necessary to pay the funded or bonded debt of the State, the tax for current county expenditures and for schools.”
*675 It also provides that the levy for county current expenses shall in no case exceed one-fifth of the total revenue of such county for county purposes for any one year.
Not until 1879 (Laws 1879, p. 192), was there any statutory provision expressly authorizing counties to levy taxes for the payment of ordinary county expenses (other than as therein provided), to he known and designated as the contingent fund of the county.
As by the Constitution (section 11, article X) counties having six millions or less in valuation of property are prohibited from levying for revenue purposes exceeding fifty cents on one hundred dollars valuation, and as by section 7663, R. S. 1889, the levy for current county expenses can not exceed one-fifth of the total revenue for any one year, to hold that the respondent is bound to receive warrants issued in other years than that for which the taxes were levied in payment of. the county taxes for that year, would make it possible as shown by the pleadings in this case for the holders of such warrants to absorb a large per cent of the revenue necessary for the current. county expenses, and thus leave it without funds to conduct its legitimate and necessary business, which is absolutely inconsistent with the theory of the Constitution and subsequent legislation upon the subject. If the collector is bound to receive warrants of any year in payment of county taxes for some other year than that in which they may have been issued, and the levy of fifty cents on one hundred dollars valuation of the property in the county will not produce more than sufficient revenue to defray its current expenses, which is the case in some counties, and this can be absorbed by the holders of county warrants for other years, the result would be that there would be no funds with which to pay for assessing and collecting the revenue, and other county officials for services rendered by them, the consequence of which could but be a complete suspension of the business affairs of the county; as no one *676 would hold an office requiring personal attention, skill and labor, were it not for its emoluments.
In support of what we have said the legislature, in 1893,. passed an act entitled: “An act to authorize county courts to provide for the payment of and to pay outstanding county warrants in certain cases,” approved March 31, 1893 (Laws 1893, p. 131), by which it is provided that it shall be lawful for the county courts of the various counties in this State, having certain outstanding county warrants as therein specified to take up any such warrant or warrants during any subsequent-fiscal year, and issue a new warrant or warrants to the holders thereof for said old warrants, which shall be registered by the county treasurer and paid in like manner as the current warrants for said fiscal year. The act also provides that its provisions shall apply only to such warrants as shall have been issued prior to the passage of the act, and shall be paid only out of the surplus revenue of such county, and that no new warrants shall be issued for warrants illegally issued. The act-having reference as it does to the reissuance and payment of county warrants issued before its passage, and expressly providing that such warrants can only be paid out of the surplus revenues of such county, being in pari materia with the Constitution and the act of 1879 referred to, may be used to show their purposes and intent, as well also as the intent of the lawgivers as to warrants issued subsequent to the passage of said act and not mentioned therein, which we think tends to show that it was the intention of the framers of the Constitution, and of the lawgivers since, that the business of counties should be transacted upon a cash basis and that county warrants issued in one year are not receivable for taxes of another year except as hereinbefore stated. This being what seems to us to be the spirit and clear intention of these laws, sections 3205, 7604,, 3168 and 8163, Revised Statutes of 1889, must yield to the evident purpose and intent of the lawmaking power.
*677 Current county expenditures do not, we think, mean county expenditures for years other than the year for which the taxes are levied, and warrants issued in other years are not receivable in payment of taxes of any other year than that in which the warrant is issued, unless there be an'excess of revenue after paying the current expenses of the county for such year, then the excess may be applied to the payment of outstanding warrants as presented in the payment of county taxes, or they may be paid by the county treasurer out of any funds in his hands for the purpose.
We have not overlooked the case of Reynolds v. Norman, 114 Mo. 509, in which it was held that a county warrant lawfully issued in 1889, should be received by the collector in payment of county taxes for 1891, nor the case of Wilson v. Knox County, 132 Mo. 387, in which there is quoted with approval from that case the following, to wit: “A warrant lawfully issued in payment of an indebtedness of one year may be paid out of the revenues of -a. subsequent year.” But the Norman case is not in line with what we have said, and should be overruled, and what was said in the Wilson case should be regarded as merely obiter. Moreover, it may not be out of place to say that the opinion in the Andrew county case was submitted to the distinguished and lamented- Judge Macfarlane, now deceased, who wrote the opinion in the Norman case, before it was handed down, and he expressed himself as being entirely satisfied with its correctness, upon the questions involved in this litigation. We, however, desire to say that what was said in that case to the effect that county warrants issued since the adoption of the present Constitution in case of no excess of revenue with which to pay them, their holders might enforce their payment by proceeding in conformity with the provisions of section 7654, Kevised Statutes, was unnecessary to a decision of the case, and should not be regarded as an authority upon that subject.
*678 Our conclusion is, that the county warrants tendered to the respondent in payment of the county taxes due by relator are not under the circumstances stated in the return receivable in payment of the taxes due by him; that it states a good defense to plaintiffs action, and that the demurrer should be overruled. It is so ordered. Gantt, O. J., concurs; Sherwood, J., dissents.
IN BANG.
Per Curiam :
The foregoing opinion filed by Judge Burgess in this cause, while it was pending in Division Two of the court, is approved and adopted as the opinion of the Oourt in banc, by the majority of our number.
Gantt, O. J., Robinson, Marshall and Yalliant, JJ., concurring in said opinion; Sherwood and Brace, JJ., dissenting.