THE STATE ex rel. J. M. PHILPOTT, Collector of the Revenue for Webster County, v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Appellant.

*In Banc, December 23, 1922.*

1. **TAXATION:** Additional Levy Under Section 12860: County Expenditures and Indebtedness: Constitutional Limit. The only tax that a county court may levy on its own initiative is that authorized by Section 12859 for the payment of current county expenses, by which is meant the expenditures for the year for which the taxes are levied, and no other tax can be levied or collected except those authorized by Section 12860, and a proceeding in conformity with that section is the proper course to pursue in order to require the county court to levy an additional tax for the purpose of paying outstanding unpaid warrants, but the levy under that section, when added to the levy to pay current county expenses, cannot exceed the constitutional limit.

2. ———: ———: Ten Per Cent Increase: Amendment of 1921 to Section 12865. The amendment added in 1921 to Section 12865, providing that the county court shall have no power to levy a tax in any one year which will produce more than ten per cent in excess of the amount produced by the rate of levy ordered in the preceding year, has reference to the levy made by the county court under Section 12859 to pay current county expenses, and has no reference to the special additional levy that may be ordered by the circuit court under Section 12860 to pay outstanding unpaid

county warrants, and is no inhibition of a levy greater by more than, ten percent of the amount of money produced by the levy of the preceding year if the excess is produced by the additional levy to pay past indebtedness, and the aggregate of all the levies is within the constitutional limit.

3. **SPECIAL AND GENERAL STATUTES: Exception: Repugnancy.** Sections 12865 and 12860, Revised Statutes 1919, have different objects and purposes. The purpose of the one is to raise revenue to pay current county expenses; that of the other, to raise additional money to pay past indebtedness. Section 12865 is general, and Section 12860 is a special statute engrafting an exception onto the other. To the extent of any necessary repugnancy between them the special will prevail over the general statute. But they are not in conflict; they are *in pari materia*, must be read together, harmonized, and effect given to both if that can be done; and while the proviso added to Section 12865 in 1921, prohibiting the county court from levying a rate of taxes in any one year that will produce more than ten per cent in excess of the amount of money produced by the last annual levy, to that extent limits the levy for current county expenses, it was not added to Section 12860 and cannot be held to interfere with the levy which that section provides may be made to pay past indebtedness of the county.

Appeal from Webster Circuit Court.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*W. F. Evans, Mann & Mann,* and *George W. Goad* for appellant.

(1) The Constitution fixes a limit on taxation, but grants no power of taxation. Mo. Constitution, sec. 1, art. 10; 37 Cyc. 715; Glasgow v. Rouse, 43 Mo. 479; American Express Co. v. St. Joseph, 66 Mo. 675; State v. Van Every, 75 Mo. 537; In re Sanford, 236 Mo. 684; State ex rel. Sedalia v. Weinrich, 236 S. W. 872. (2) The taxing power of the State is vested in the General Assembly; it is an inherent power, not granted by the Constitution, but subject to the constitutional limitations, which limitations are self-enacting. Mo. Consti-

tution, sec. 1, art. 10; In re Sanford, 236 Mo. 684; State ex rel. Sedalia v. Weinrich, 236 S. W. 872. (3) The Act of 1921 (Sec. 12865) contains the only grant of authority to levy taxes for county purposes, which act by its terms specifically prohibits the levy of the tax here in controversy. State v. Weinrich, 236 S. W. 872. (4) The tax ordered levied by the circuit court is a tax for county purposes, and within the limitation fixed by said Act of 1921 (Sec. 12865). Black v. McGonigle, 103 Mo. 192, 202; Book v. Earle, 87 Mo. 246; State ex rel. v. Railroad, 169 Mo. 563; Arnold v. Hawkins, 95 Mo. 569.

*J. P. Smith* and *C. H. Skinker, Jr.*, for respondent.

(1) The provisions of Article 6, Chapter 119, Revised Statutes 1919, were originally known as the "Cottey Act" and have been the law in this State for over forty years. Laws 1879, pp. 185, 193; R. S. 1879, secs. 6799, 6807; R. S. 1889, secs. 7654, 7662; R. S. 1899, secs. 9274, 9282; R. S. 1909, sec. 11417, 11422; R. S. 1919, sec. 12860, 12865. (2) During all of that time the tax levy obtained through the circuit court order has always been considered a special tax for county indebtedness, separate and apart from the tax for current county expenditures, and a strict compliance with its provisions is necessary. State ex rel. v. Railroad, 130 Mo. 248; State ex rel. v. Railroad, 169 Mo. 577; State ex rel. v. Railroad, 87 Mo. 236; State ex rel. v. Bridge Co., 134 Mo. 338; State ex rel. v. Hager, 92 Mo. 515. (3) Although Section 12866 provides for the apportionment and subdivision of the revenue for county purposes, it has no relation to the special tax for past indebtedness obtained through an order from the circuit court. State ex rel. v. Hortsman, 149 Mo. 290, 297. (4) The term "for county purposes" as used in Sections 12865, 12863 and 12866, means for current county expenditures, and has no reference to the special tax for past indebtedness obtained through an order from the circuit court under

the provisions of Sections 12860. See Statutes set out supra, and State ex rel. v. Hortsman, 149 Mo. 297; McCormick v. Fitch, 14 Minn. 185, 189. (5) Current county expenditures do not mean expenditures for years other than the year for. which the taxes are levied. State ex rel. v. Payne, 151 Mo. 673. (6) The court, in construing the statute, must consider the context thereof, and sections *in pari materia*, as well as cognate sections, and seek to arrive at the true intendment. State ex rel. Major v. Ryan, 232 Mo. 92; State ex rel. Buchanan County v. Imel, 242 Mo. 301.

HIGBEE, J.—This action was commenced March 30, 1922, to recover $1225.68, taxes levied on defendant's property in Webster County for the year 1921, pursuant to an order made by C. H. Skinker, circuit judge, June 4, 1921, in vacation, under Section 12860, Revised Statutes 1919. No question is made on the pleadings. The answer is a general denial. Judgment as prayed in the petition, May 19, 1922, for $1368.31, interest, attorney fee and costs.

The agreed facts are: The total assessed value in the county for 1920 was $7,393,494. The county court made a levy in 1920 of forty cents on the $100 valuation for general county purposes, which would produce $29,573.98 in revenue for that year. The assessed valuation for 1921 was $11,553,353; the levy for county purposes was thirty cents on the $100 valuation, which would raise $34,660 revenue for county purposes. Pursuant to an order of the county court, as authorized by Section 12860, Revised Statutes 1919, the prosecuting attorney presented a petition to the circuit judge in vacation, showing that the county had outstanding unpaid warrants issued from 1914 to 1920 inclusive, aggregating about $40,000, and praying an order to the county court requiring it to order an additional levy to pay said warrants. Acting on this petition, Judge Skinker, on June 4, 1921, made an order finding that

there existed a necessity for the levy and collection of other taxes than those enumerated and specified in Section 12859, Revised Statutes 1919, to pay the outstanding warrants mentioned in the petition; that there were no funds of said county out of which they could be paid; that the facts stated in the petition and the facts as found by the county court were true and, being satisfied that it was necessary that an additional levy of ten cents upon the one-hundred-dollar assessed valuation be levied and collected in said county for the payment of said warrants and that the levy and collection of said tax would not be in conflict with the Constitution or laws of the State, therefore, it was ordered that such additional tax be levied and collected for said purpose by said county court. The thirty-cent levy made by the county court for 1921 would produce more than ten per cent (about $2000) in excess of the revenue levied for county purposes for 1921. The county court made the additional levy of ten cents in 1921, pursuant to the order of Judge Skinker.

The defendant, claiming that the county court could levy an amount not to exceed ten per cent in excess of the county revenue levied for the year 1920, paid what it claimed should be its taxes for the year 1921 on that basis, which was accepted with the understanding that this action might be brought "to test the question of whether the county could collect the levy of ten cents to pay the outstanding warrants, which is the only question involved in this case, and such payment of taxes by the defendant was accepted by the plaintiff without question." The tax bill was offered in evidence.

Section 12859 authorizes the levy and collection in the several counties in this State, and in the manner and not to exceed the rates prescribed by the Constitution and laws of the State, of the following taxes: the State tax, the taxes necesary to pay the funded or bonded debt of the State, and of the county, the tax for current county expenditures, and taxes certified as necessary by

cities, incorporated towns and villages and for schools.

Section 12860, Revised Statutes 1919 reads: "No other tax for any purpose shall be assessed, levied or collected, except under the following limitations and conditions." The section then provides that the prosecuting attorney, on the order of the county court, may present a petition to the circuit court or judge in vacation, setting forth the necessity for the levy and collection of an additional tax founded upon such finding by the county court, and that upon a finding by such court or judge that such necessity exists and that the levy and collection of such additional tax will not be in conflict with the Constitution and laws of this State, an order shall be made commanding the county court to have assessed, levied and collected such other tax or taxes. Such order, when so granted, shall be a continuous order, etc.

Section 12861 makes it a misdemeanor for the judges of the county court to levy any taxes not specified in Section 12859 unless ordered to do so as provided in Section 12860. Section 12863 requires the county court to ascertain the sum necessary to be raised for county purposes, and fixes the rate of taxes on the several subjects of taxation so as to raise the required sum, etc.

Section 12865: For county purposes in counties having ten million dollars and not exceeding thirty million dollars, the rate shall not exceed fifty cents on the hundred dollars valuation. This section was repealed and re-enacted (Laws 1921, p. 677) with a proviso:

"Provided, however, the county court shall not have power to order a rate of tax levy on real or personal property for the year 1921 which shall produce more than ten per cent in excess of the amount produced, mathematically, by the rate of levy ordered in 1920, and in no subsequent year may any county court, or any officer or officers acting therefor, order a rate of tax levy that will produce, mathematically, more than ten per cent in excess of the taxes levied for the previous

year. Provided further, that the qualified voters of any county, by a majority vote, shall have power to fix any additional rate higher than above provided for within the limits prescribed by the Constitution at a general election or a special election called for that purpose.''

Section 12866 requires county courts to apportion the revenue for county purposes into five funds; care of paupers, roads and bridges, salary fund, jury fees and elections, and contingent fund.

I. The foregoing provisions, except the amendment of 1921, were originally enacted in 1879. [Laws 1879, pp. 185 and 193.] Ever since their enactment the levy authorized by Section 12860 has been regard- Additional ed as a special tax for county indebtedness Levy. in addition to the general levy for county purposes. In State ex rel. v. Wabash Ry. Co., 169 Mo. 563, it was held (syl. 6):

"A proceeding in conformity with Section 7654, Revised Statutes 1889" (now Sec. 12860, R. S. 1919), "is the proper course to pursue in order to require a county court to make a special levy for the purpose of paying outstanding and unpaid warrants, but a proceeding under that section does not make valid a levy in excess of the constitutional limit. What is meant by that section is that a special levy in addition to a general levy, when the latter does not come up to the constitutional limit, may be made for the purpose of paying past indebtedness.''

See State ex rel. v. Ry. Co., 130 Mo. 243, 248; State ex rel. v. Miss. River Bridge Co., 134 Mo. 321, 338.

The revenue collected to pay past indebtedness must be applied to that purpose and may not be apportioned under Section 12866 for current county expenditures. [State ex rel. v. Hortsman, 149 Mo. 290, 297.] Current county expenditures means expenditures for the year for which the taxes were levied. [State ex rel. v. Payne, 151 Mo. 663, 673.] The only tax that a county court

may levy on its own intiative is that for the payment of county current expenditures as authorized by Section 12859, R. S. 1919. No other tax for any purpose shall be assessed, levied or collected except as authorized by Section 12860. In this case the additional ten-cent levy was made by the order of the circuit judge in vacation.

II. Respondent contends that Section 12865, as amended by the Act of 1921, places the limit on the tax that may be levied by the county court for county purposes in any one year. This section as amended has no relation to the special additional levy that may be ordered by the circuit court or judge in vacation under the authority of Section 12860. These sections have different objects and purposes;

Ten Per Cent Amendment to Section 12865.

that of one is to raise revenue to pay current expenses, that of the other is to pay past indebtedness. One is a general, the other a special statute engrafting an exception on the former. "To the extent of any necessary repugnancy between them the special will prevail over the general statute." Statutes *in pari materia* must be read together and, although seemingly in conflict, should be harmonized and force and effect given to each, as it will not be presumed the Legislature in the enactment of a subsequent statute intended to repeal an earlier one unless it has done so in express terms or by necessary implication. [36 Cyc. 1149 and 1151.] The two sections are not in conflict. Judgment was properly rendered against the defendant for the sum produced by the additional levy of ten cents.

We have no doubt, however, that the amendment limited the authority of the county court to a rate of tax levy for county purposes for current expenditures for the year 1921, to a rate that would not "produce more than ten per cent in excess of the amount produced, mathematically, by the rate of levy ordered in 1920." Appellant does not complain that the judgment is excessive in that respect.

The judgment is affirmed. All concur.