Dear Mr. Evans:
This opinion is in response to your question asking:
 May the County of Monroe increase the general tax levy on taxable real and personal property in the county, by five cents on the hundred dollars assessed valuation, for the limited purpose, expressed on the ballot, of funding of the Monroe County Extension Division Office, by placing such levy increase on the election ballot for approval by the people?
The law relating to county extension programs includes these provisions:
 Section 262.553. University may receive and disburse federal grants for extension work. — The assent of the general assembly having heretofore been given to the provisions and requirements of the Act of Congress of May 8, 1914, . . ., the University of Missouri is authorized and empowered to receive and expend the grants of money appropriated under said acts . . . together with any money appropriated by the state or received from any source whatsoever for the aid of extension work in the counties of Missouri and to cooperate with the United States Department of Agriculture, other agencies, and with persons and organizations in the conduct thereof, . . .
 Section 262.557. Formulation and administration of extension program. — The university may formulate an extension program in the counties of the state and shall be responsible for the administration and execution of the extension program in each county.
 Section 262.560. University to hire employees — salaries and expenses paid, how. — The university shall have the responsibility and authority to employ such persons as it deems necessary and proper for the conduct of extension work . . . provided that, in counties having a council, the council shall pay such salaries and expenses as shall be assigned to it in the financial budget.
 Section 262.563. Missouri extension council established in county, when. — 1. The university may establish a University of Missouri extension council in each of the counties of the state, . . .
* * *
 Section 262.597. Financial budget for extension programs — appropriations from counties. — The council, in cooperation with the county commission and the university, shall prepare an annual financial budget covering the county's share of the cost of carrying on the extension services . . . which shall be filed with the county commission on or before January first each year and the county commission shall include the budget so filed in class four of the budget of county expenditures for such year in counties budgeting county expenditures by classes, and in the budget document of all other counties, subject to the following minimum appropriations:
* * *
 (2) In counties with an assessed valuation of twenty-five million dollars or more, but less than seventy million dollars, five thousand dollars;
* * *
 Section 262.600. Monthly requisitions on county commission, how issued, amount of — reversion of funds. — Immediately following the close of each month the council shall requisition the county commission for the estimated amount of the month's expenditures . . . The requisition shall constitute the basis for immediate issuance by the county commission and it shall, if there be funds available therefor, promptly issue a warrant covering the requisition in full and drawn in favor of the treasurer of the council. . . . The requisition for any given month shall not exceed one-twelfth of the total amount appropriated for the year unless a reserve shall have accumulated as a result of expending less than the aforementioned twelfth portion during one or more preceding months, . . . Any unused funds remaining in the appropriation on December thirty-first shall revert to the county treasury.
This law was enacted by House Bill No. 153 of 1961 ("AN ACT relating to the University of Missouri Agricultural Extension Division. . . ." Laws of Missouri 1961, pp. 7-15).[1]
Concomitantly, a special and supplemental financing mechanism for certain county extension programs was enacted, House Bill No. 261 of 1961 ("AN ACT to authorize a millage tax for university extension." Laws of Missouri 1961, pp. 15-17). This latter enactment provided:
 Section 1. Voters may authorize tax for university extension program (class three and four counties). — Whenever qualified voters equal to five percent . . . in any third and fourth class county shall petition . . . the county court asking that an annual tax be levied for the purpose of financing the county's share of the university extension program, and . . . that the tax rate shall be determined annually by a committee . . . and shall not exceed two mills on the dollar of assessed valuation; then the county court . . . shall order that the propositions of such petition be submitted to the voters of the county . . . .
 Section 2. Election — reconsideration — 1. . . . The order of court and the [election] notice shall specify . . . the rate of taxation mentioned in the petition, . . .
 2. If . . . the majority of all the votes . . . shall be "For levying a tax, not to exceed two mills, for financing the county's share of carrying out the university extension program", . . . an annual tax shall be levied by the county court, the amount agreed upon by a committee. . . . Whenever revenue from the tax levied . . . is available, it shall all be expended for university of Missouri extension work, and if these funds equal or exceed the minimum amount required to be contributed by a county, that county shall not be required to contribute any funds from its general revenue. . . .
* * *
 4. The tax may be reconsidered. . . . At least two years must elapse after the tax has been levied . . . before an election may be held on a proposition to reconsider the tax.
 Section 5. Effective, when — This act shall become effective upon the adoption by the eligible voters of the State of Missouri of a Constitutional amendment authorizing the tax provided for in this act.
The constitutional amendment alluded to in Section 5 of House Bill No. 261 of 1961 was included in House Joint Resolution No. 9 of 1961 (Laws of Missouri 1961, p. 666) which was rejected by the voters of the state at the August 7, 1962 election (Laws of Missouri 1963, p. 691). To the best of our knowledge, no further proposal to amend the constitution was ever submitted to the voters and so House Bill No. 261 of 1961 never became effective.
The taxation article of the Missouri Constitution, ArticleX, includes these provisions:
 Section 1. Taxing power — exercise by state and local governments. The taxing power may be exercised . . . by counties . . . under power granted to them by the general assembly for county . . . purposes.
* * *
 Section 11(b). Limitations on local tax rates. Any tax imposed . . . by . . . counties . . . for their . . . purposes, shall not exceed . . . fifty cents on the hundred dollars assessed valuation. . . .
 Section 11(c). Increase of tax rate by popular vote — further limitation by law — exceptions to limitations. In all . . . counties . . . the rate of taxation as herein limited may be increased for their . . . purposes for not to exceed four years, when the rate and purpose of the increase are submitted to a vote and two-thirds of the qualified electors voting thereon shall vote therefor; . . . and provided, that the rates herein fixed, and the amounts by which they may be increased may be further limited by law; and provided further, that any county . . . when authorized by law and within the limits fixed by law, may levy a rate of taxation on all property subject to its taxing powers in excess of the rates herein limited, for library, hospital, public health, recreation grounds and museum purposes.[2]
* * *
In State ex rel. American Central Ins. Co. v. Gehner,280 S.W. 416 (Mo. banc 1926), the full Missouri Supreme Court made these observations:
 A tax upon whatever character of property it is sought to be levied is a pecuniary burden imposed by legislative authority upon the property of a citizen for the support of the government. The Legislature, subject to the constitutional limitation upon state power in this respect, alone has the authority to determine the time, amount, nature, and purpose of the taxes to be levied. The power of taxation, while a sovereign right of the state, may be exercised with respect to all persons, things, and business activities which exist under the protection of its laws, provided clear and express statutes have been enacted for that purpose. . . . Such statutes operate in invitum and they should be strictly construed — this upon the presumption that the Legislature, in the comprehensive exercise of this exclusive authority and the searching nature of its extent as to the power of taxation, has not only freed the statute from any doubt or ambiguity, but has so framed it that everything necessary to the assessment, levy, and collection of the taxes on the property upon which the burden is sought to be imposed may be clearly indicated. . . . 280 S.W. at 417 (Judges Walker (writer), Blair, Ragland, Graves, Atwood, Otto, and White) (HELD Insurance companies subject only to taxation statute pertaining to them and not subject to taxation statute pertaining to all business corporations.)
We accordingly are of the opinion that a statute must authorize a county commission to levy and collect a special tax for the benefit of the county agricultural extension program. We find no such statute, particularly in Chapter 137, RSMo 1986, where it is provided:
 Section 137.035. What taxes to be assessed, levied, and collected in counties. — The following named taxes shall hereafter be assessed, levied and collected in the several counties in this state, and only in the manner, and not to exceed the rates prescribed by the constitution and laws of this state, viz: The state tax and taxes necessary to pay the funded or bonded debt of the . . . county, . . . the taxes for current expenditures for counties . . . including taxes which may be levied for library, hospitals, public health, recreation grounds and museum purposes, as authorized by law.
 Section 137.040. Procedure for assessing, levying, and collecting additional taxes — limitations — conditions. — 1. No other tax for any purpose shall be assessed, levied or collected, except under the following limitations and conditions, viz: The prosecuting attorney . . ., upon the request of the county commission . . . shall present a petition to the circuit court of his county, . . . and such circuit court, upon being satisfied of the necessity for such other tax or taxes, and that the assessment, levy and collection thereof will not be in conflict with the constitution and laws of this state, shall make an order . . . commanding . . . such other tax or taxes . . . .
* * *
The full Missouri Supreme Court, in State ex rel. Philpottv. St. Louis-San Francisco Ry. Co., 247 S.W. 182 (Mo. banc 1922), remarked:
 The foregoing provisions [Sections 137.035; 137.040; 137.045; 137.055; 137.065], except the amendment of 1921, were originally enacted in 1879. . . . Ever since their enactment, the levy authorized by section [137.040] . . . has been regarded as a special tax for county indebtedness in addition to the general levy for county purposes. . . .
 . . . The only tax that a county court may levy on its own initiative is that for the payment of county current expenditures, as authorized by section [137.035] . . . No other tax for any purpose shall be assessed, levied, or collected, except as authorized by section [137.040] . . . 247 S.W. at 184
(Judges Higbee (writer), Woodson, J. Blair, Elder, Walker, Graves and D. Blair) (HELD Tax ordered by circuit court under Section 137.040 not subject to statute limiting tax increase in successive tax years.).
The legislature has expressly authorized special taxes (upon local referendum) for particular county programs, e.g.:
 Section 262.500 (House Bill No. 69 of 1943; "AN ACT . . . relating to special elections to vote a special levy for the support of district or county fairs held in the county voting such levy. . . ." Laws of Missouri 1943, pp. 317-318).
 Section 205.010 (House Bill No. 280 of 1945; "AN ACT to enable . . . counties to build, maintain, manage, and operate public county health centers; . . . authorizing for the levy of taxes for support and operation; . . ." Laws of Missouri 1945, pp. 969-972).
 Section 182.010 (House Bill No. 383 of 1921; "AN ACT to provide for establishing county library districts and to establish and maintain free county libraries, including branch libraries for the inhabitants of such district; to empower such districts . . . to levy taxes creating a county library fund and a library building fund; . . ." Laws of Missouri 1921, pp. 461-467).
In the absence of a statute authorizing a special tax for support of the county agricultural extension program, we do not believe counties can impose such a tax.
CONCLUSION
It is the opinion of this office that the Monroe County Commission is without authority to submit at referendum the proposition of levying and collecting a special tax for the benefit of the county agricultural extension program.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] The 1961 law superseded a 1955 law (House Bill No. 45 of 1955; "AN ACT . . . relating to county agricultural extension programs. . . ." Laws of Missouri 1955, pp. 19-26), which in turn superseded a 1943 law (House Bill No. 112 of 1943; "AN ACT . . . relating to County Farm Bureaus and Organizations. . . ." Laws of Missouri 1943, pp. 319-323), which in turn replaced a 1919 law (House Bill No. 719 of 1919; "AN ACT to provide for the betterment of agriculture and rural conditions, and to authorize county courts to appropriate funds for a county farm bureau to act in co-operation with the university of Missouri college of agriculture and the United States department of agriculture in aiding and encouraging the agricultural development of the county. . . ." Laws of Missouri 1919, pp. 112-114), which had replaced a 1913 enactment (House Bill No. 701 of 1913; "AN ACT authorizing county courts to appropriate funds for a county farm adviser to act in co-operation with the state college of agriculture in aiding and encouraging the agricultural development of the county." Laws of Missouri 1913, p. 193).
In upholding the constitutionality of the 1919 law, a division of the Missouri Supreme Court, in Jasper County FarmBureau v. Jasper County, 286 S.W. 381 (Mo. 1926), observed:
 . . . [W]e have no doubt that public funds may be set apart to develop and promote the general agricultural interests of the state by the creation of farm bureaus, for it is a matter of common knowledge that in the agricultural interests of the state lie its chief source of wealth, and that the prosperity of the state springing from this source contributes to the growth and importance of every other industry in the state, as well as to the comfort and happiness of the whole people; and it is in recognition of this indispensable and thoroughly known fact that appropriations made to foster, encourage, and stimulate the agricultural interest of the state have always been regarded as made for a public purpose. 286 S.W. at 383-384
(Judges Otto (writer), Atwood and Ragland).
 The state, by the creation of farm bureaus, has undertaken nothing new. Our Legislatures have recognized similar societies as being of a purely public nature for almost 50 years by authorizing appropriations of public funds in support of county agricultural societies. . . .
* * *
 Nor are the appropriations provided for under the Farm Bureau Act gifts or grants of public money to private associations or societies, but are rather appropriations in payment for expenditures in carrying out the work of a public county institution. It is true the institution is in the form of a society or association, but the society or association is a public county institution, for the Farm Bureau Act makes it such by providing that the association or society make monthly and annual reports to the county court. . . .
* * *
 The Missouri Farm Bureau Act was passed by the Legislature in acceptance of the federal aid tendered by . . . the Smith-Lever Act [May 8, 1914] . . . 286 S.W. at 384.
[2] House Joint Resolution No. 9 of 1961 proposed the addition of the following clause to the end of Section 11(c):
 ; and in counties of the third and fourth classes, university extension division.