In Matter of Authorizing Issuance of Funding Bonds by Consolidated School District No. 4, Greene County, Appellant, v. Charles Day et al., Taxpaying Citizens of Consolidated School District No. 4, Greene County, Interveners and Respondents.—43 S. W. (2d) 428.

Court en Banc, November 17, 1931.

1106

*Farrington & Curtis* and *Sturgis & Henson* for appellant.

1108

*Allen & Allen* for respondents.

ATWOOD, J.—This is a suit brought under an Act of the General Assembly of Missouri (Laws 1921, p. 36, 1st Ex. Sess.; now Secs. 2926-30, R. S. 1929), for the purpose of obtaining a pro-forma decree authorizing the issuance of $11,500 in school bonds by Consolidated School District No. 4, Greene County, Missouri. An intervening petition in the nature of an answer was filed by certain taxpayers of said school district contesting the validity of the proposed bonds. The court held that the petitioning school district was not entitled to the relief prayed, and from the judgment rendered in accordance therewith said district prosecutes this appeal.

, The petition alleged that two final judgments had been rendered in the Greene County Circuit Court at its January Term, 1929, against said consolidated school district, for a sum which, with interest added, exceeded the amount of the proposed bonds, and that the same was due and unpaid; that one of said judgments was rendered in favor of J. T. Grant based on three several school warrants issued by said school district to H. E. Elkins and by him sold and assigned to said Grant, and that the other judgment was rendered in favor of H. E. Elkins based on five several school warrants issued by said school district to said Elkins; that all of the school warrants sued on in both cases were alleged to have been in part payment for labor and material performed and furnished by said Elkins in the erection of a school building in and for the use of said district under a valid contract made and entered into by said parties; that after due and proper service of summons upon it, said school district appeared and filed answer in each of said cases, denying plaintiff's right to judgment against said school district; that thereafter proceedings were had therein resulting in the two judgments aforesaid, aggregating $11,069.03 at the time of their rendition; that a meeting of the school board of said school district was duly held on January 4, 1930, whereat said school board by resolution duly adopted, author-

ized and ordered the issuance and execution of the funding school bonds of said district in the aggregate sum of $11,500, to bear interest from date at the rate of six per cent per annum until paid, to be numbered seriatim 1 to 35, both inclusive, the five bonds bearing the lowest numbers to be due and payable January 15, 1931, the remaining bonds to be due and payable in specified groups on January 15 of each succeeding year, the final group being due and payable January 15, 1942, none of said bonds to be delivered to the purchaser or purchasers thereof or to the owners of said judgments, or be binding obligations of the school district, till and upon condition that the said judgments are fully paid, discharged and satisfied of record; that it was further duly ordered by said school board that an annual tax sufficient to pay the interest accruing on said bonds as same becomes due and payable and to create a sinking fund for payment of the principal thereof be levied and assessed each year thereafter on all the taxable property of said school district until said bonds and interest are fully paid, and that an annual tax of ten cents on the $100 valuation was estimated as being sufficient for that purpose. Said petition further alleged that the facts stated in said resolution of said school board were true; that said school board had fully complied with said resolution and performed all the matters and things therein specified and required; that the proposed bonds were funding bonds of said school district authorized by Section 1042, Revised Statutes 1929, as amended and reenacted by Laws of Missouri of 1929, pages 127 and 128, now Section 2892, Revised Statutes 1929, for the purpose of funding and paying said judgment indebtedness; and that neither the rate of interest thereon nor the total indebtedness of said district would be increased thereby.

Interveners raised no objection to the petition, service or method of procedure, but their answer attacked the validity and constitutionality of said Section 2892, Revised Statutes 1929, providing for the issuance of refunding bonds to pay off and discharge judgment indebtedness of a school district or other municipality without a vote of the people, as being in contravention of our State Constitution; and alleged that the school warrants sued on in the two cases in which judgments had been rendered against the school district were based upon "an unlawful and void debt attempted to be contracted by said school district, contrary to the provisions of Sections 11 and 12 of Article X of the State Constitution;" that the issuance of bonds by said school district for the alleged indebtedness is null and void because the same is contrary to and in contravention of the provisions of Section 11 of Article X of the Constitution of Missouri, in that the questions of the issuance of said bonds and the levy of a tax in payment thereof were not submitted to the voters of said school district, as provided by Section 11 of Article X of the Consti-

tution of Missouri; and because the indebtedness alleged to have been incurred and evidenced by the judgments in this case is in violation and contravention of the provisions of Section 12 of Article X of the Constitution of Missouri, in that it was attempted by the school board of said consolidated school district to cause said district to become indebted to an amount exceeding the income and revenue provided by said school district for the year 1928, without the assent of two-thirds of the voters of said district, and for the further reason that such indebtedness was attempted to be incurred in an amount, including the then existing indebtedness, in the aggregate, exceeding five per centum of the value of the taxable property in said school district, as shown by the assessment next before the last assessment for state and county purposes; and for the reason that the judgments sued on herein are the result of collusion and fraud between the plaintiffs and the defendant therein, such defendant being the plaintiff in this action, in that said parties fraudulently conspired and colluded with each other to charge said school district with an indebtedness that was illegal and void and could not be legally incurred or collected, and in seeking to validate a void contract and indebtedness against the taxpayers of said school district.

Interveners' charge that said Section 2892, Revised Statutes 1929, is unconstitutional will not be considered, because it contains no specification of a particular section or sections of the Constitution thereby contravened. [State ex rel. v. Nolte, 315 Mo. 84, 90, 285 S. W. 501, and cases cited.]

This section, in so far as it is here pertinent, provides in substance that any school district, by its school board, is authorized to fund any part or all of its bonded or judgment indebtedness  "including bonds, coupons, or any judgment, whether based on bonded or other indebtedness," at the same or lower rate of interest, and for that purpose may make, issue and sell funding bonds and with the proceeds pay off the judgment or exchange the same for such judgment indebtedness. It was admitted at the trial that no election was held in said school district to authorize the issuance of the bonds here in question, and that the amount of said bonds and the amount of the current expenses of said school district for the year 1930 exceeded the estimated income and revenue for that year. Respondent contends that these bonds constitute a new indebtedness which, in light of the foregoing admission, is invalid under the following clause of Section 12, Article X, Constitution of Missouri:

"No county, city, town, township, school district or other political corporation or subdivision of the State shall be allowed to become indebted in any manner or for any purpose to an amount exceeding

in any year the income and revenue provided for such year, without the consent of two-thirds of the voters thereof voting on such proposition, at an election to be held for that purpose. . . ."

In view of the express provision, clearly appearing in the petition and proof as a part of the school board's resolution authorizing the issuance of said bonds, to-wit, that none of said bonds should be delivered or become binding obligations of said district until said judgments were fully satisfied of record, we must hold that the issuance of said bonds does not create a new or additional indebtedness apart from said judgment indebtedness. It only changes the form of the judgment indebtedness. This feature clearly distinguishes the instant case from that of State ex rel. Clark County v. Hackmann, 280 Mo. 686, 703, 708, 218 S. W. 318, cited by respondents, in which the proposed bond issue was not so characterized, and in that case this very distinction was recognized and rather fully discussed. Subsequently this court en banc said in State ex rel. Sedalia v. Weinrich, 291 Mo. 461, 466, 236 S. W. 872, that "the great weight of authority is to the effect that the refunding of a valid debt in such manner that the payment and extinguishment precedes or is simultaneous with the coming into existence of the refunded debt as an obligation, does not create a new indebtedness or add to the previous one, but merely changes its form. This is true whether the refunding bonds are exchanged for the evidences of the old debt or are sold and the proceeds actually used to extinguish the old at the time and in the manner stated."

At the trial of this case counsel for interveners undertook to show that the several warrants sued on and upon which said judgments were rendered were invalid under the above quoted portion of Section 12, Article X, Constitution of Missouri, because in excess of the school district's income and revenue provided for the year in which such items of indebtedness were incurred, and over petitioner's objections and exceptions evidence of this character was admitted, the purpose and effect of which was to go behind, open up and collaterly attack these judgments. Judgments, absent fraud in their procurement, are conclusive of the amount and validity of the indebtedness sued for and are *res judicata* of every defense, inclusive of constitutional requirements, which might have been interposed. [Pitts v. Fugate's Administratrix, 41 Mo. 405, 406; State ex rel. Wilson v. Rainey, 74 Mo. 229, 234; Nelson v. Nelson, 282 Mo. 412, 423, 221 S. W. 1066; City Water Co. v. Sedalia, 288 Mo. 411, 422, 423, 231 S. W. 924; State ex rel. Sedalia v. Weinrich, 291 Mo. 461, 465, 236 S. W. 872; State ex rel. Winkelman v. Bates, 193 S. W. 913, 915 (Mo. App.); State ex rel. Hentschel v. Cook (Mo. App.), 201 S. W. 361, 364.] The doctrine particularly apropos is thus stated in 34 Corpus Juris, at page 1028:

"In the absence of fraud or collusion, a judgment for or against a municipal corporation, county, town, school or irrigation district, or other local governmental agency or district, or a board of officers properly representing it, is binding and conclusive on all residents, citizens, and taxpayers in respect to matters adjudicated which are of general and public interest, such as questions relating to public property, contracts, or other obligations."

In the instant case the charge of collusion and fraud was not supported by the evidence, and counsel for respondents now concede in their brief that these judgments "will in all probability, preclude the taxpayers of the district from attacking the validity of the warrants, on which they are based." Therefore, it was error to admit evidence of this character and such alleged ground of invalidity of the indebtedness in question must be disregarded in our consideration of this appeal.

Counsel for respondents further contend that petitioner's attempted compliance, pleaded and proved, to meet the requirement of Section 2895, Revised Statutes 1929, that a school district issuing such bonds "shall, at the time of issuing the same, provide in the express manner provided by law for the levy and collection of an annual tax sufficient to pay the annual interest on such funding bonds as it falls due, and a sufficient sinking fund for the payment of the principal of such bonds when they become due," is invalid, because any rate then levied in accordance therewith would increase the tax levy of said district beyond the limit set therefor in Section 11, Article X, Missouri Constitution.

The record shows that this school district was then levying its full constitutional limit of taxes for school purposes, to-wit, sixty-five cents on the $100 assessed valuation, having voted twenty cents in addition to forty cents that it was entitled to levy without submission to a vote. It was also levying a forty-cent tax voted for the purpose of retiring a $30,000 school building bond issue previously authorized by vote. The constitutional limitations as to rate of levy for school purposes are imposed by said Section 11, as follows:

"For school purposes in districts composed of cities which have one hundred thousand inhabitants or more, the annual rate on property shall not exceed sixty cents on the hundred dollars valuation and in other districts forty cents on the hundred dollars valuation: Provided, The aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase. For the purpose of erecting public buildings in

counties, cities or school districts, the rate of taxation herein limited may be increased when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city or school district, voting at such election, shall vote therefor.''

The same section provides that these ''restrictions as to rates shall apply to taxes of every kind and description, whether general or special, except taxes to pay valid indebtedness now existing, or bonds which may be issued in renewal of such indebtedness.'' The provision in Section 9261, Revised Statutes 1929, formerly Section 11183, Revised Statutes 1919, that the levy extended by the county clerk shall not exceed (italics ours) ''for sinking fund, forty cents on the one hundred dollars valuation, *and a sufficient amount to pay interest on bonded indebtedness*,'' of course, does not override these constitutional limitations. The bonds here involved were not issued for the purpose of erecting public school buildings, but to refund a then existing judgment indebtedness, and the rate of levy ordered in connection with their issuance was never submitted to a vote of the people. Hence, the limitations first above noted apply to the levy in question. It is true that in Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 188, we construed the language last above quoted from Section 11, Article X, of the Missouri Constitution in connection with what is now the second proviso of Section 12 of the same article, which requires ''that any county, city, town, township, school district or other political corporation or subdivision of the State, incurring any indebtedness requiring the assent of the voters as aforesaid, shall before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same,'' and there held that the annual tax so authorized by Section 12 is not within the limitations set by Section 11. Also, in State ex rel. v. Walker, 193 Mo. 693, 697, 708, 92 S. W. 69; State ex rel. v. Gordon, 217 Mo. 103, 120, 116 S. W. 1099; State ex rel. v. Zinc Co., 272 Mo. 43, 51, 197 S. W. 112, and other cases cited by appellant, where the indebtedness was incurred by authority of a two-thirds vote of the people, thus bringing it within the above proviso, the ''annual tax'' was held to be independent of the limits prescribed by Section 11. But in this case it clearly appears that the question of incurring this indebtedness was never submitted to a vote of the people. Therefore, it cannot be said that the case comes within this proviso, and we are constrained to hold, under the circumstances in evidence, that the levy here in question is violative of Section 11, Article X, of the Constitution. Such is

1116

the effect of our ruling in State ex rel. v. Wab. Ry. Co., 169 Mo. 563, 573, 577, 70 S. W. 132, and other cases in point.

Counsel for appellant strenuously urge that these bonds "are valid and binding obligations of the district, just as are the judgments on which they are founded, though the means provided for paying same may be wholly inadequate or totally fail," citing Water Works Co. v. Carterville, 142 Mo. 101, 43 S. W. 625; Water Works Co. v. Carterville, 153 Mo. 128, 54 S. W. 557; State ex rel. v. Walker, 193 Mo. 693, 699, 708, 92 S. W. 69; State ex rel. v. Gordon, 217 Mo. 103, 120, 116 S. W. 1099; State ex rel. v. Continental Zinc Co., 272 Mo. 43, 197 S. W. 103; State ex rel. v. Hackman, 272 Mo. 600, 199 S. W. 990; and State ex rel. Sedalia v. Weinrich, 291 Mo. 461, 471, 236 S. W. 872.

In the Carterville cases the ordinance under which the indebtedness sued for was incurred was duly approved and ratified at an election. The controlling question was the amount properly deductible from the city revenues for the necessary expense of maintaining the organization of the city. No question of a levy in excess of constitutional limitations appeared.

The only question presented for solution in the Walker case was the validity of Section 5157, Revised Statutes 1899, now Section 2892, Revised Statutes 1929, supra. While it was there said that failure to comply with the provision in Section 12 of Article 10 of the Constitution for the collection of an annual tax sufficient to pay the interest on the funded indebtedness and create a sinking fund for payment of the principal thereof would not invalidate the debt where such compliance might be compelled in an appropriate proceeding, this is far from holding that where it appears at the time such provision is made that a tax levy pursuant thereto would be violative of Section 11 of Article 10 of the Constitution, courts should hold that such bonds "are legal and that the laws of the State have been fully complied with."

The Gordon case was an original proceeding in mandamus to compel the State Auditor to register municipal waterworks bonds the issuance of which had been duly authorized by an election. At the time the bonds were issued provision was made as required by law for a tax levy sufficient for their retirement and it was never contended that the levy so provided would exceed the constitutional limitations here invoked.

In the Continental Zinc Company case the bond issue was authorized at an election held for that purpose.

The Hackman opinion does not deal with the question here under consideration.

The following excerpt from our opinion in the Weinrich case (p. 465), shows that no such question was there involved: "Respond-

ent concedes that the tax levy for the year is materially less than the constitutional limit. This remains true when the three-fourths of one cent on each $100 of the city assessment, the levy for the payment of the bonds in question, is included.''

Section 2928, Revised Statutes 1929, part of the act directing the procurement of a pro-forma decree such as here sought, is as follows:

''Upon hearing, whether an answer has been filed or not, the court shall carefully investigate the record concerning such bond issue, together with all evidence and proofs submitted at such hearing, and if the court be of the opinion that said bonds are legal and that the laws of the state have been fully complied with then such court shall make an order and decree adjudging such bonds to be a valid and binding obligation upon such state, county, township, school district or municipality issuing the same; which said decree appeal therefrom [if not appealed therefrom] shall be final, conclusive and binding upon the state, subdivision or municipality issuing the same, and the legality of such bond when so issued shall not thereafter be subject to being questioned by any other court, and the holder thereof shall be conclusively deemed to be a holder in due course, for values and without notice of defect or infirmity.''

The exact question now before us is not the validity of the original judgment indebtedness, but whether or not the laws of the State governing the change of this form of indebtedness to that of a bond issue have been complied with. Surely the above quoted requirement of Section 2895, Revised Statutes 1929, that at the time of issuing the bonds provision shall be made to retire them, is not a mere direction as to form without regard to the validity of such provision. It is a companion section to Section 2892, Revised Statutes 1929, both being a part of the same act which was originally enacted in a somewhat different form (Laws 1879, p. 48), and they should be construed together. The purpose of a law authorizing the funding of such indebtedness is to place it in a form not only advantageous to the seller but affording a reasonably safe and certain means of its collection by the purchaser of the bonds. When the record shows, as it does in this instance, that at the time bonds are issued the amount of the tax levy necessary to meet the required statutory provision for their retirement exceeds constitutional limitations upon the taxing power one of the chief objects of the bond issue, to-wit, provision for payment of the indebtedness, fails. We think that to grant a pro-forma decree approving the validity of such bonds would be an act grossly misleading and contrary to the letter and spirit of the law. However, this view conflicts in principle with the holding of this court en banc in State ex rel. v. Weinrich, 291 Mo. 461, 472, 236 S. W. 872, that notwithstanding it appeared at the time such bonds were issued that the tax levy required for their retire-

1118

ment would exceed the rate of levy that the taxing power was authorized by statute to make, thus rendering the tax invalid and uncollectible, yet such bonds were valid under statutes (Secs. 8317, 8319, R. S. 1919), similar to those here considered, and by reason of such conflict this cause should be transferred by order of court to Court en Banc.

Counsel for appellant also direct our attention to a number of decisions holding that indebtedness sounding in tort is not subject to the constitutional limitations above noted, but it does not appear that petitioner either pleaded or proved that this indebtedness arose *ex delicto.*

From the foregoing it is apparent that petitioner was not entitled to the relief prayed, and the judgment is affirmed.  All concur.

PER CURIAM:—The foregoing opinion of ATWOOD, J., in Division One is hereby adopted as the opinion of the Court en Banc.  All of the judges concur.