CLARA CORDIA and E. F. CORDIA, her husband, Appellants, v. M. C. MATTHES, Trustee, M. C. MATTHES, Special Deputy Finance Commissioner, in charge of the affairs of the DeSoto Trust Company, FRANK DIETRICH, Special Deputy Finance Commissioner, in charge of the affairs of the Peoples Bank of DeSoto, M. C. MATTHES and FRANK DIETRICH.—130 S. W. (2d) 597.

Division Two, July 7, 1939.

1060

*Samuel Richeson* and *W. A. Brookshire* for appellants.

*T. E. Francis* and *Woodward & Evans* for respondents.

WESTHUES, C.—Appellants, plaintiffs below, filed this suit to cancel deeds executed by a trustee pursuant to a sale held under the terms of two deeds of trust; also to cancel the deeds of trust. There was a judgment for defendants and plaintiffs appealed. This is the third time a controversy over these deeds of trust and the notes described therein has reached this court. In Cordia v. Richards, 329 Mo. 1166, 48 S. W. (2d) 878, Division One of this court held that the notes described in the deeds of trust had not been paid, as was the contention of the plaintiffs in that case. This court reversed the judgment of the trial court which had enjoined a sale under the deeds of trust on plaintiffs' behalf. Thereafter the property described in the deeds was advertised for sale. Plaintiffs filed a suit

to enjoin the proposed sale because they alleged the notes were then barred by the Statute of Limitations. The trial court denied plaintiffs' relief and an appeal was taken to this court. The judgment of the trial court was affirmed. [See Cordia v. Matthes, 338 Mo. 308, 90 S. W. (2d) 101.] ▪ We held that the injunction proceedings, instituted by plaintiffs, tolled the Statute of Limitations. In the present suit the plaintiffs seek to cancel the deeds executed by the trustee pursuant to a sale had thereunder upon two grounds: First, that the trustee was not a suitable person to be named as a trustee; second, that the price bid for the property at the sale was grossly inadequate. The circuit court was called upon to appoint a substitute trustee. This occurred prior to the institution of the second suit. M. C. Matthes, special deputy finance commissioner in charge of the affairs of the DeSoto Trust Company, was named as trustee. Matthes was a resident of Jefferson County, Missouri. The land described in the deeds of trust here involved was located in Washington County, an adjoining county. Appellants insist that Matthes was not a suitable person to be named as trustee, because they claim that Section 3137, Revised Statutes 1929 (Mo. Stat. Ann., p. 8169), requires a trustee, when named by the circuit court, to be a resident of the county where the land is located. Respondents contend otherwise. They present a rather convincing theory in support of their contention. However, we need not decide that point because respondents in their answer plead *res adjudicata,* and we find that this plea must be sustained. In the second proceeding, being the case of Cordia v. Matthes, 90 S. W. (2d) 101, 338 Mo. 308, the plaintiffs, in the fore part of their petition, stated that the trustee named by the circuit court was a resident of Jefferson County, Missouri. Plaintiffs could well have litigated the question in that suit. They did brief the point in this court, but we held that the question was not raised by their petition. Being a matter that could have been litigated in that case the plea of *res adjudicata* must be sustained. The fact that an additional party was named defendant in this case, that is the purchaser of the property at the sale, does not defeat the plea. [34 C. J. 757, sec. 1166.] The trustee was a party defendant in the former suit and is a party defendant in this case. The plaintiffs are the same. The following statement of the rule in 34 Corpus Juris, 818, section 1236, is applicable to the present situation:

"A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action."

Cases from many jurisdictions are cited in support of the rule. [See, also, State ex rel. Gott v. Fidelity & Deposit Co. of Baltimore,

Md., 317 Mo. 1078, l. c. 1092, 298 S. W. 83, l. c. 90; Consolidated School Dist. No. 4 of Greene County v. Day, 328 Mo. 1105, 43 S. W. (2d) 428, l. c. 430 (3, 4).]

Appellants' plea, asking that the sale be set aside on the theory of inadequacy of price, was properly denied by the trial court. Appellant Cordia was present at the sale and made an announcement to the effect that whoever bought the property would be buying a lawsuit. The sale was had on February 24, 1933. No attempt was made to redeem the property. The present suit was filed at the March Term of court 1936. If a re-sale were ordered it is doubtful whether a better bid could be obtained, in view of appellant's announcement that the purchaser would be subjected to a lawsuit. Cordia, having by his conduct chilled the bidding, is not in position to appeal to a court of equity to set aside the sale because of inadequacy of price. Again, who will replace the parties in *statu quo?* Appellants have not offered to do this. It is evident that the trial court properly denied appellants' plea. [Young v. Kansas City Life Ins. Co., 329 Mo. 130, 43 S. W. (2d) 1046, l. c. 1048 (5).]

The judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES *C.,* is adopted as the opinion of the court. All the judges concur.