231 S.W.2d 299 (1950)
STARR
v.
MITCHELL.
No. 27814.
St. Louis Court of Appeals. Missouri.
June 20, 1950.
Robert E. Brown, Palmyra, for appellant.
Carstarphen & Harvey, Hannibal, for respondents.
*300 BENNICK, Commissioner.
This is a suit to set aside a trustee's deed which was executed on sale under a deed of trust which had been given to secure the payment of two promissory notes, each for the amount of $500.
In their petition plaintiffs charged that defendant, while acting as their agent, had acquired a certain promissory note which they had executed, and then, in violation of the agreement existing between them, had fraudulently caused a foreclosure proceeding to be instituted, and had caused a deed of conveyance to himself of the land described in the deed of trust to be placed in the records of Marion County.
Plaintiffs further charged that such attempted foreclosure was null and void for the reason that the trustee named in the deed of trust had purported to act and sell by a substitute in a manner not authorized by law.
The prayer was that the court order that the trustee's deed to defendant be canceled and held for naught; that the cloud thereof be removed from plaintiffs' title; that the note which had been purportedly canceled of record after assignment to defendant be restored to its proper place on the record; and that plaintiffs recover damages in the sum of $3,000 because of defendant's alleged wrongful conduct.
For his answer defendant denied the existence of a fiduciary relationship between himself and plaintiffs, and further denied any illegality in the foreclosure sale, or any illegality in connection with his purchase of the property at such sale and the execution of the trustee's deed to him.
Pleading in the alternative, defendant prayed the court that if the foreclosure sale should be held to have been irregular for the reasons alleged in plaintiffs' petition, then in that event a judicial foreclosure be decreed; and he concluded with a counterclaim in which he prayed judgment against plaintiffs in the sum of $1,790.95.
After hearing the evidence the court rendered a decree adjudging that the trustee's deed to defendant was without force and effect and ordering that the same be canceled and for naught held. The alternative prayer for a judicial foreclosure was denied; and the decree recited that the issues involving damages and an accounting had been abandoned by the respective parties.
The decree was rendered on April 8, 1949. In due time defendant filed his motion for a new trial, which was considered by the court and overruled. The transcript of the record shows that the motion was overruled on May 28, 1949. It was not until thirteen days later, or on June 10, 1949, that defendant undertook to appeal; and so far as the transcript of the record is concerned, it merely shows the filing of an affidavit for appeal such as was employed under the former practice. However the clerk of the circuit court has transmitted to this court a copy of a notice of appeal dated June 10, 1949, and reciting that the appeal was taken from the final judgment and order overruling the motion for a new trial allegedly entered on May 31, 1949, just ten days prior to the notice of appeal. Nothing in either the record or the file affords any explanation of such inconsistency in dates.
The transcript was afterwards filed in this court, and the case is now under submission for such disposition as the facts and circumstances may require.
While our jurisdiction is not challenged, a question arises on the very threshold of the case as to whether we do in fact have jurisdiction, or whether, on the contrary, jurisdiction is in the Supreme Court.
The answer of course depends upon whether the case is one involving title to real estate within the contemplation of Article V, Section 3, Constitution of 1945, Mo.R.S.A.
It has been repeatedly held that a case involves title to real estate within the constitutional sense of conferring exclusive appellate jurisdiction upon the Supreme Court whenever title is directly in dispute between the parties, and the judgment directly affects or operates on the title itself by determining the issue respecting title in some measure of degree adversely to one of the parties and in favor of another. Pursley v. Pursley, Mo.Sup., 213 S.W.2d 291; Nettleton Bank v. McGaughey's Estate, *301 318 Mo. 948, 2 S.W.2d 771; Proffer v. Proffer, 342 Mo. 184, 114 S.W.2d 1035; Burch v. Horn, Mo.Sup., 152 S.W.2d 88, 135 A.L.R. 1063; Wood v. Gregory, Mo. Sup., 155 S.W.2d 168, 138 A.L.R. 142; Peatman v. Worthington Drainage Dist., Mo. Sup., 168 S.W.2d 57.
Here the primary purpose of the proceeding is to cancel the trustee's deed by which defendant purportedly holds title to the land in question. The legality of that deed is directly in dispute; and the judgment of the court, by declaring that the deed be canceled and for naught held, has taken title out of defendant and revested it in plaintiffs where it was before the deed was made. In such circumstance the case is one involving title to real estate, and exclusive appellate jurisdiction is in the Supreme Court. Cordia v. Matthes, Mo.App., 122 S.W.2d 32, Id., 344 Mo. 1059, 130 S.W.2d 597.
In view of this conclusion it is beyond our province to consider the question as to whether such formalities were observed in the taking of the appeal as to permit a review of the case on the merits. There is no such thing in this state as concurrent appellate jurisdiction on the part of the Supreme Court and a Court of Appeals. In a case where any one of the enumerated constitutional grounds affirmatively appears in the record, the Supreme Court has exclusive appellate jurisdiction, Art. V, Sec. 3, Const. of 1945, Mo.R.S.A., and in all other cases a Court of Appeals has jurisdiction. Art. V, Sec. 13, Const. of 1945, Mo.R.S.A. Each court of course has authority in the first instance to determine whether or not it is vested with jurisdiction over the appeal, but if it finds that it is without jurisdiction, its only authority in that event is to transfer the case to the court which has jurisdiction. Art. V, Sec. 11, Const. of 1945, Mo.R.S.A. The possession of jurisdiction carries with it the sole power to exercise the incidents and prerogatives of jurisdiction, and negatives the existence of any such power in any other court. It follows, therefore, that since the record in this case affirmatively discloses a matter in controversy which brings the case within the exclusive appellate jurisdiction of the Supreme Court, there could be no authority in this court to determine whether the Supreme Court's jurisdiction has been properly invoked.
The case should be transferred to the Supreme Court, and the Commissioner so recommends.
PER CURIAM.
The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.
The case is, accordingly, transferred to the Supreme Court.
ANDERSON, P. J., and HUGHES and McCULLEN, JJ., concur.